FILED
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**April 24, 2018**

_____

Elisabeth A. Shumaker
Clerk of Court

CARISSA NEALIS,

    Plaintiff - Appellant,

v.

COXCOM, LLC,

    Defendant - Appellee.

No. 17-5042
(D.C. No. 4:16-CV-00078-CVE-TLW)
(N.D. Okla.)

_____

# ORDER AND JUDGMENT[*]

_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.

_____

Carissa Nealis appeals the district court's grant of summary judgment in favor of her former employer CoxCom, LLC (Cox), on her complaint alleging retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964. The district court ruled Nealis failed to present evidence of a causal relation between her alleged protected activity and Cox's termination of her employment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I. BACKGROUND

A. <u>Nealis's Employment with Cox</u>.  Cox, a telecommunications company, hired Nealis in August 2007 as a realtor sales representative in its Tulsa, Oklahoma office.  She became an account executive in 2009.  In that job, she reported to sales manager Tom McPherson, who in turn reported to director of sales Tim Jenney until 2013, when Jenney was replaced by Christopher Shipman.

In June 2012, Nealis reported an incident to Jenney and to Cox human resource partner Melissa Cruts.  Nealis reported that during a sales-team business trip for which a bus and van had been chartered, a Cox manager, Shelly Stauffer, got out of the van, pounded on the bus door, and ordered Mark Palzer, whom she supervised, to move from the bus to the van.  Nealis thought Stauffer, a white woman, had done this because Palzer was white.  Nealis told Jenner and Cruts that Stauffer once told someone her group had enough white men in the group, and she wished she could hire more young African-Americans.

Nealis stated in her summary-judgment affidavit it was her understanding that in December 2012, Palzer filed a race and age discrimination claim with the Equal Employment Opportunity Commission listing Nealis as a potential witness to the bus incident and diversity comment.  The record does not contain any evidence that Nealis was, in fact, a witness for Palzer.

In February 2013, Nealis applied to be a strategic service manager, but was not selected.  She submitted her resignation, but the vice president of Cox Business, Randy Chandler met with her and encouraged her to stay, which she did.  In June

2

2013, Cox terminated Palzer. Nealis contends she made comments to management about Stauffer's discriminatory treatment of him, and states the last time she recalls making such a complaint was in August 2013, when she made a comment to McPherson.

In October 2013, Cox terminated the employment of an employee for violating its conflict of interest policy. Cox human resources partner Erin Vierthaler testified this employee told her Nealis had a similar conflict; though that employee denies he named anyone. At Vierthaler's request, McPherson asked Nealis to disclose any potential conflicts she had. Nealis disclosed that her domestic partner and two uncles owned telecom businesses that were used by Cox customers.

On November 6, 2013, human resources manager Heather Romeike directed Vierthaler to conduct an investigation into Nealis's potential conflicts. This investigation revealed that Nealis owned and operated one of these telecom businesses, Tulsa Telecommunications, with her partner. Vierthaler submitted her report in December 2013 to Cox's vice president of human resources, Becky Ordoyne, who determined Nealis had a conflict of interest. Vierthaler then informed McPherson, Shipman, and Romeike that Nealis had a conflict of interest because she had access to Cox's current and prospective customer lists and could refer Cox's customers to Tulsa Telecommunications.

On December 16, 2013, Vierthaler recommended Nealis be terminated because Nealis owned, operated, and financially benefited from Tulsa Telecommunications,

which competes with Cox. Chandler, McPherson, Shipman, and Romeike approved Nealis's termination the next day.

    B. <u>District Court Proceedings</u>. Nealis filed suit, alleging her termination was in retaliation for her protected activity of asserting Stauffer discriminated against Palzer.[1] The district court noted that Nealis did not present clear evidence of any protected activity after her June 2012 complaint about the bus incident between Stauffer and Palzer. The only evidence of activity after that was Nealis's general and conclusory assertion that she made "additional complaints to management" about "unlawful employment discrimination and harassment" relating to Palzer, Aplt. App., Vol. III, at 689, but Nealis did not identify what she said or to whom she complained. *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 n.13 (10th Cir. 2008) ("A vague reference to discrimination and harassment without any indication that this misconduct was motivated by [criteria prohibited by Title VII] does not constitute protected activity and will not support a retaliation claim." (bracket and internal quotation marks omitted)). Nonetheless, the district court assumed that Nealis had engaged in protected activity in August 2013.

    The district court ruled that Nealis failed to establish any causal connection between her alleged protected activity in August 2013 and her termination in December 2013. The court ruled that Nealis failed to present any evidence other than this temporal link. Because the temporal link was too remote to infer a causal

---

[1] Nealis also alleged claims for retaliatory failure to promote and gender discrimination, but has abandoned those claims.

connection, and Nealis failed to present additional causal evidence, the district court ruled Nealis failed to establish a prima facie case of retaliatory discharge and granted summary judgment in favor of Cox. Nealis timely appealed.

II. ANALYSIS

A. <u>Legal Standards</u>. We review the district court's grant of summary judgment de novo, "view[ing] all evidence and draw[ing] reasonable inferences therefrom in the light most favorable to the nonmoving party." *Foster v. Mountain Coal Co.*, 830 F.3d 1178, 1186 (10th Cir. 2016) (internal quotation marks omitted). "Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

Because Nealis relies on circumstantial evidence to prove her retaliation claim, we follow the analytical framework described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Foster*, 830 F.3d at 1186. Under this framework, a plaintiff alleging retaliatory discharge under Title VII must first establish a prima facie case of retaliation by presenting evidence that (1) "[s]he engaged in protected opposition to discrimination"; (2) she suffered an adverse action that a reasonable employee would have found material; and (3) "a causal connection exists between the protected activity and the materially adverse action." *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016) (internal quotation marks omitted). She must establish that her protected activity was a "but-for" cause of the alleged adverse

5

action by the employer. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

If a plaintiff establishes a prima facie case of retaliation, the employer must proffer a legitimate, nondiscriminatory reason for the adverse action. If it does so, the burden shifts back to the plaintiff to prove the proferred reason is a pretext. *Hansen*, 844 F.3d at 925. In examining pretext, "the relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Lobato v. N.M. Env't Dep't*, 733 F.3d 1283, 1289 (10th Cir. 2013) (bracket and internal quotation marks omitted).

B. <u>Causal Connection</u>. Only the causal connection element of the prima facie case is at issue here. In order to establish a causal connection, Nealis "must present evidence of circumstances that justify an inference of retaliatory motive." *Ward v. Jewell*, 772 F.3d 1199, 1203 (10th Cir. 2014) (internal quotation marks omitted). "The evidence of but-for causation must be based on more than mere speculation, conjecture, or surmise." *Id*. (internal quotation marks omitted).

Courts may infer a causal connection "[i]f the protected conduct is closely followed by the adverse action." *Id*. "We have held that a one and one-half month period between protected activity and adverse action may, by itself, establish causation[, but] a three-month period, standing alone, is insufficient to establish causation." *Foster*, 830 F.3d at 1191 (bracket and internal quotation marks omitted).

Here, the summary judgment facts are that Nealis's last alleged opposition to discrimination was in a meeting with McPherson in August 2013, but she was not terminated until four months later, in December 2013. We agree with the district court that this four-month period is too long to permit an inference of retaliation, without more. Where a considerable length of time has elapsed between a protected activity and an adverse employment action, a plaintiff wishing to survive summary judgment must "present additional evidence tying the adverse employment actions" to the plaintiff's protected activity. *Ward*, 772 F.3d at 1203 (internal quotation marks omitted). Nealis failed to present any such additional evidence.

Nealis argues on appeal she established the causal connection by the temporal proximity between her alleged protected conduct in August 2013 and October 6, 2013, when the process of terminating her was set in motion. Citing *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir. 1996), she asserts temporal proximity can be measured from the time the employer takes an action that sets in motion the alleged retaliatory discharge. That is an overly broad reading of *Marx*. *Marx* held that a causal connection can be shown when the "pattern of retaliatory action" closely follows the protected activity and only later culminates in discharge. *Id*. In *Marx*, the pattern began when the employer first took written disciplinary action against the plaintiff. *Id*. But here, Cox simply asked Nealis to disclose any conflicts in October. To constitute retaliation, the employer must take a "materially adverse" action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68

(2006) (internal quotation marks omitted). Asking Nealis to disclose her potential conflicts in October 2013 does not qualify as a retaliatory action, nor does Cox's commencement of an internal investigation of potential wrongdoing in November 2013. *See Lincoln v. Maketa*, 880 F.3d 533, 543 (10th Cir. 2018) (holding, as to a First Amendment retaliation claim, that courts do not consider standard workplace investigations to be materially adverse employment actions).

Nealis also argues that the district court erred by not considering pretext evidence to supply the additional evidence needed to show a causal connection at the prima facie stage.[2] We will not consider this argument because Nealis never raised it before the district court. If a theory is not raised in the district court, we usually hold it forfeited and refuse to consider it unless a party seeks plain-error review on appeal. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011). "[T]he failure to argue for plain error and its application on appeal . . . marks the end of the

---

[2] Although this court has sometimes acknowledged that pretext evidence can be considered when assessing whether the employee has established a prima facie case when that evidence indeed gives rise to an inference of actionable discriminatory intent, *see Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1218 (10th Cir. 2003), we have also made clear that plaintiffs must still produce sufficient probative evidence to establish their prima facie case, *see Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012) ("If the plaintiff does not establish a prima facie case, [her] entire case fails."). We have also held that courts must not conflate evidence tending to cast doubt on the employer's stated reasons for an employment decision with the plaintiff's prima facie burden of establishing an inference of retaliation in the first instance. *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1144 (10th Cir. 2008) (holding that plaintiffs may not "gain the benefit of [an] inference [of retaliatory intent] without having to establish it," and a plaintiff hoping to prove her prima facie case by attacking the employer's reason for his termination must still show "a demonstrable nexus between aspersions cast on an employer's stated reasons and invidious intent.").

road for an argument for reversal not first presented to the district court." *Id*. at 1131. Nealis does not acknowledge her theory is new, nor does she address plain error, and thus has forfeited her newly-raised argument that the district court should have considered evidence of pretext at the prima-facie stage of the *McDonnell-Douglas* analysis.

    We agree with the district court that Nealis did not present sufficient evidence to establish a prima facie case of retaliatory discharge under Title VII. The judgment is affirmed.

                                                Entered for the Court

                                                Mary Beck Briscoe
                                                Circuit Judge

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
### OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Elisabeth A. Shumaker<br>Clerk of Court | April 24, 2018 | Chris Wolpert<br>Chief Deputy Clerk |

Mr. Christopher Lincoln Camp
Camp Law Firm
7122 South Sheridan Road
Suite 2-382
Tulsa, OK 74133

Mr. Donald Jon Slaughter
4520 South Harvard Avenue
Suite 200A
Tulsa, OK 74135

RE:   17-5042, Nealis v. CoxCom
      Dist/Ag docket: 4:16-CV-00078-CVE-TLW

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc: William D. Deveney
William Walker O'Connor
Keith A. Wilkes

EAS/mlb



**17-5042 Nealis v. CoxCom "Case termination for order and judgment " (4:16-CV-00078-CVE-TLW)**

ca10_cmecf_notify   to: CM-ECFIntake_OKND                                04/24/2018 10:07 AM

From:       ca10_cmecf_notify@ca10.uscourts.gov
To:         CM-ECFIntake_OKND@oknd.uscourts.gov

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

## Tenth Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was entered on 04/24/2018 at 9:04:28 AM MDT and filed on 04/24/2018

**Case Name:**    Nealis v. CoxCom
**Case Number:**  17-5042
**Document(s):**  Document(s)

**Docket Text:**
[10553423] Affirmed; Terminated on the merits after submissions without oral hearing; Written, signed, unpublished. Judges Briscoe (authoring judge), Hartz and McHugh. Mandate to issue. [17-5042]

**Notice will be electronically mailed to:**

Mr. Christopher Lincoln Camp: camplawfirm@gmail.com, christopherlincolncamp@gmail.com
Mr. William D. Deveney: deveney@elarbeethompson.com, susan@elarbeethompson.com
Mr. William Walker O'Connor: boconnor@hallestill.com, lwilliams@hallestill.com, twallace@hallestill.com
Donald Jon Slaughter: donaldjslaughter@gmail.com
Mr. Keith A. Wilkes: kwilkes@newtonoconnor.com, eandrew@newtonoconnor.com


The following document(s) are associated with this transaction:
**Document Description:** OJ
**Original Filename:** 17-5042.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=04/24/2018] [FileNumber=10553423-0]
[de5f464ad8d684a4472eb25590731a75d82a37a923603c5500c4ed0f3ca429dc87f02271cd4d279e
85b136e2a1a618a2a7483f709684a675777c35274b34e089]]


**Document Description:** Order Judgment Cover Letter
**Original Filename:** /opt/ACECF/live/forms/MichaelBarajas_175042_10553423_136.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104938855 [Date=04/24/2018] [FileNumber=10553423-1] [281a705f7d60886abdabe7cc2ba96701ab96ae85552e9c0412af687cb47d3b73d19578f452dbbeb4df779a5589c6f0f2e2df774665c086b456cce83d5a2bc402]]
**Recipients:**
- Mr. Christopher Lincoln Camp
- Mr. William D. Deveney
- Mr. William Walker O'Connor
- Donald Jon Slaughter
- Mr. Keith A. Wilkes